UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

TYRONE WRIGHT )
 )
    *Plaintiff,* )
 ) No. 1:07-cv-75
v. ) *Chief Judge Curtis L. Collier*
 )
SHERIFF STEPHEN GRAVES; CLERK )
HEATHER HINE-DUNCAN; MARGO )
LAMB; INVESTIGATOR BILL SIPE; )
LARRY THOMAS, )
 )
    *Defendants.* )

**MEMORANDUM**

Tyrone Wright ("plaintiff") has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff brings suit against Coffee County Sheriff Stephen Graves, Coffee County Court Clerk Heather Hine-Duncan, Margo Lamb, Investigator Bill Sipe, and Larry Thomas.[1] Plaintiff alleges the defendants violated his constitutional rights. Specifically, plaintiff challenges jail conditions and the handling of his criminal case; his claims are virtually indecipherable. For the reasons discussed below, the plaintiff's complaint will be **DISMISSED** (Court File No. 2).

**I.**  **Application to Proceed In Forma Pauperis**

It appears from the application to proceed *in forma pauperis* submitted by plaintiff, that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Plaintiff is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since plaintiff is in custody at the Coffee County Jail, in Manchester, Tennessee he is **ASSESSED** the civil filing

---

[1]     Plaintiff describes defendant Larry Thomas as a car dealer.

fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915. Plaintiff shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, Post Office Box 591, Chattanooga, Tennessee 37401-0591, as an initial partial payment, whichever is the greater of

(a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Sheriff of Coffee County, in Manchester, Tennessee; the Custodian of Records at the Coffee County Jail; the Commissioner of the Tennessee Department of Correction; and the Attorney General for the State of Tennessee to ensure the custodian of plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of the inmate's file and follow the inmate if he is

transferred to another institution. The agency having custody of plaintiff shall continue to collect monthly payments from plaintiff's prisoner account until the entire filing fee of $350.00 is paid.

Plaintiff **SHALL** provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

## II. Standard of Review

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The

complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (citations omitted).

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. § 1915(e)(2) provides that the Court must dismiss a case at any time if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted.

**Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)**

> When screening a prisoner complaint, a district court must examine both § 1915(e)(2) and § 1915A. If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of §1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet §1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section. Thus, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case can proceed in due course. A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners. The dismissal of a complaint under §1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)(2). *See In re Tyler*, 110 F.3d [528], 529-30 [(8th Cir. 1997)]. We make it explicit: a court's responsibility under the Prison Litigation Act is to first examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not

prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

### III. Facts

Plaintiff's complaint is difficult to decipher and confusingly pled. Plaintiff has submitted a laundry list of claims which often fails to identify the party who was responsible for the alleged constitutional violation about which he complains. Plaintiff's claims, directly quoted from his complaint, are as follows:

> Stephen Graves holding me and others in over crowed and violent jail...No T.V., No Radio for inmates who had nothing to do with past problems and are model inmates and are staying incarcerated for lengthy terms. Also no yard or maybe once a month outings. Next being denied trustee privilege when other inmates who have not been sentenced and have violent charges and since been incarcerated caught assaults charges are being trustees. Also being a african-American having food handlers etc. who are known Aron Nations and other race-hate groups serve me. Next having high blood pressure taking six months to get pressure down, on two occasions given wrong medicine. Public defender refusal to call witnesses for a trial. And next Heather Hine-Duncan, court clerk refusal to give up prelimanary tapes up and also refusals to furnish me filed copies of my letters-motions to her office which is her duty. Giving white inmates, Brian Phillips, back their filed letters but refusing me. Next mail being open up outside the presence of inmates. Having to buy tylenols and anti-acids off commissary. Next taking all a inmates money for medicines or too large of a percentage. Punishing the whole POD for the actions of a few all the time. No Federal reporter books in law library. Another private medical problem or second medical problem recieving no treatment or medicine. Larry Thomas identification based on race. Watching inmates solomize another. Racial graffiti on walls. Procecuting one defendant and not the other. Refusing me my medical records. Last straighten out the phones or change phone company and let inmates come up front if that doesn't work let us buy phone cards. Placing inmates here with no blankets, sheet, towel, shoes. And keeping outside front door shut. Also, spider bites victim inmate E.C.

(Court File No. 2).

Plaintiff's request for relief is quoted below:

> (1.) Relief overcrowding (2.) TV, Radio at least head sets etc. (3.) Mandatory yard call twice a week. (4.) Screen people closely who ... handles food . (5.) If I can't get trustee privilege because I ain't been to court, no one else. (6.) Open mail in front of me, Attorney etc. anyway. Have court clerk to testify under oath to missing tape. (7.) Public defender testify under oath. (8.) Do not move me or harass me for filing law-suit. Get real grievance forms and committee. I am also seeking punitive damages and all other relief along with moneytorial. Have clerk to give me all my letters, information pertainings to my case.

(Court File No. 2).

## IV. Exhaust Administrative Remedies Pursuant to 42 U.S.C. § 1997(e)

The Prison Litigation Reform Act ("PLRA") amended 42 U.S.C. § 1997e to require prisoners to exhaust administrative remedies before filing suit:

> 1997e. Suits by prisoners
>
> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Although the PLRA requires that inmates exhaust "such administrative remedies as are available" before filing suit challenging prison conditions under § 1983, *Wright v. Morris*, 111 F.3d 414, 417 (6th Cir.), *cert. denied*, 522 U.S. 906 (1997), Title 42 Section 1997(e)(c)(2) allows the Court to dismiss the underlying claim without first requiring the exhaustion of administration remedies if the claim is facially frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. The Court notes the plaintiff claims that no administrative remedy exists in the prison. However, the Court observes the claims are facially frivolous; factually unsupported; and fail to state a claim upon which relief can be granted. Therefore, the Court will not address the exhaustion of administrative remedies.

6

## V. Identity of Defendants

### A. Coffee County Employees

The plaintiff has named Coffee County Sheriff Graves and Coffee County Clerk Heather Hine-Duncan as two of the defendants. It appears the other named defendants are private parties, other than, perhaps, Investigator Bill Sipe. However, the Court is unable to determine whether Investigator Bill Sipe is a private investigator or a Coffee County Investigator.[2] To the extent plaintiff sues parties that are County employees he has failed to identify in what capacity he has sued them. The complaint does not indicate whether the defendants are being sued in their official capacity, individual capacity, or both.

A suit brought against a public, government official will not be construed as seeking damages against the defendant in his individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers,* 43 F.3d 1034, 1038 (6th Cir.), *cert. denied,* 515 U.S. 1116 (1995); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 383 (6th Cir. 1993); *Lovelace v. O'Hara,* 985 F.2d 847, 850 (6th Cir. 1993); *Hardin v. Straub,* 954 F.2d 1193, 1199-1200 (6th Cir. 1992); *Wells v. Brown,* 891 F.2d 591 (6th Cir. 1989); *Johnson v. Turner,* 855 F. Supp. 228, 231 (W.D. Tenn. 1994), *aff'd,* 125 F.3d 324 (6th Cir. 1997). Generally, absent any express indication the defendant is being sued in his individual capacity, the Court must assume he is being sued only in his official capacity as an employee of the

governmental entity. *Whittington v. Milby,* 928 F.2d 188, 193 (6th Cir.), *cert. denied,* 502 U.S. 883 (1991); *Wells,* 891 F.2d at 593-94.

---

[2] Plaintiff has failed to make any claims against Investigator Sipe.

Although it is preferable that plaintiffs explicitly state whether a defendant is sued in his or her individual capacity, the failure to do so is not fatal if the complaint or other filed documents provide sufficient notice to the defendants that they are being sued as individuals. In *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001), the caption on Moore's complaint listed the officers' names, not their official titles; the complaint referred to the officers throughout as the "individual defendants;" the complaint identified the officers as "acting for themselves and for the City . . .;" and Moore sought compensatory and punitive damages against each of the defendants. The United States Court of Appeals for the Sixth Circuit stated that taken as a whole, the complaint likely provided sufficient notice to the officers they were being sued as individuals. *Id.* at 774. However, the Sixth Circuit ruled "Moore's response to the officers' motion to dismiss clarified any remaining ambiguity: 'The individuals named are police officers who are being sued in their individual capacities for using excessive and unreasonable force while making an arrest of the Plaintiff on April 7, 1996.'" *Moore v. City of Harriman*, 272 F.3d at 773, 774.

The complaint before this Court is not equivalent to the complaint in the *Moore* case. In the instant matter, the plaintiff failed to specify in his complaint that he was suing Sheriff Stephen Graves, Clerk Heather Hine-Duncan, and Investigator Bill Sipe as individuals, rather than in their official capacity. Indeed, these defendants are identified in the style of the case with their official titles. Although plaintiff does seek monetary damages, and the request for monetary damages is one factor that might place an individual on notice that he is being sued in his individual capacity, that alone is insufficient to place an official on notice that he is being sued in his individual capacity. *See Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002); *United States ex. rel. Diop v. Wayne County Community College*, 242 F.Supp.2d 497 (E.D. Mich. 2003). Thus, absent any clear

8

indication in the complaint that the defendants are being sued in their individual capacities, the Court must assume they are being sued in their official capacities. *Id.* at 772. The complaint before the Court lacks any clear indication the defendants are being sued in their individual capacity. Accordingly, the Court assumes defendants are being sued in their official capacity.

A claim against these defendants in their official capacity is treated as being an action against the governmental entity. *Hafer v. Melo,* 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio,* 953 F.2d 232, 237 (6th Cir. 1992). Because the defendants have been sued only in their official capacities as employees of Coffee County, the Court must proceed as if the plaintiff has in fact sued Coffee County. Therefore, in order to prevail, plaintiff must demonstrate that the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by the County. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989), *cert. denied,* 495 U.S. 932 (1990).

In order to prevail in an action against a defendant in his official capacity, a plaintiff must show, first, that he has suffered harm because of a constitutional violation and second, that a policy or custom of the entity--in this case, Coffee County--caused harm. *See Collins v. Harker Heights, Tex.,* 503 U.S. 115, 120 (1992). Plaintiff must identify the policy, connect the policy to the county itself, and show that the particular injury was incurred because of the execution of that policy; all of which plaintiff has failed to do. *See Garner v. Memphis Police Dept.* 8 F.3d 358, 363-64 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted).

Plaintiff does not allege the violation of his rights resulted from any policy or custom on the part of Coffee County. Moreover, plaintiff does not allege that any of the named County employees

9

actually committed any unconstitutional act. Consequently, the defendants, Sheriff Stephen Graves, Court Clerk Heather Hine-Duncan, and Investigator Bill Sipe, assuming he is a Coffee County Investigator, are entitled to judgment as a matter of law.

### B. Non-governmental Employees

Plaintiff has also sued Margo Lamb and Larry Thomas, a car dealer.[3] These defendants have not been identified as state actors. In order to be liable under Section 1983, a defendant must be a state actor. Section 1983 requires that a plaintiff must allege that he was deprived of a right secured by the United States Constitution or laws of the United States by a person acting under color of state law. Thus, § 1983 applies to acts of the states, not to acts of private persons or entities. However, if a private party's action is fairly attributable to the state then such action will constitute state action for § 1983 purposes. *See Tahfs v. Proctor*, 316 F.3d 584, 590-91 (6th Cir. 2003). Therefore, if a party is a willful participant in joint action with the State or its agents and the private party jointly engaged with state officials in the challenged action, he is acting under color of law for purposes of § 1983 actions. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).

Nevertheless, such is not the case before this Court as plaintiff does not claim private individuals were acting under color of state law or that they jointly engaged with state officials in unconstitutional conduct. Moreover, plaintiff does not make any specific claims against these private individuals. Consequently, since a plaintiff may not sue private parties under § 1983, the non-governmental defendants are not suable entities in this § 1983 action and they are entitled to judgment as a matter of law.

---

[3] If Investigator Bill Sipe is, in fact, a private investigator, he would also be dismissed from this action because a private person is not a state actor and thus, not amenable to a § 1983 suit.

In the alternative, Margo Lamb, Bill Sipe, and Larry Thomas are entitled to judgment as plaintiff has failed to assert any specific allegations these defendants. Accordingly, because these defendants are not state actors and because plaintiff has failed to assert any claims against these defendants, they are entitled to judgment and the complaint will be **DISMISSED** as to them.

Assuming the plaintiff could prove he sued the parties in their official and individual capacities and that the alleged violations were the result of a policy or custom on the part of the county, and the private parties' actions were indeed attributable to the state so as to constitute state action, plaintiff's complaint would still be dismissed for failure to state a viable claim under 42 U.S.C. § 1983.

## VI. Analysis of § 1983 Claim

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991), *cert. denied*, 502 U.S. 1032 (1992). Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give a defendant fair notice of the claims against him. *Leatherman v. Tarrant County Narcotic Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).

To state a § 1983 claim, the plaintiff must allege sufficient facts that, if true, would establish the defendants deprived him of a right secured by the Constitution of the United States while they

11

acted under color of law.  *See Brock*, 94 F.3d 242, 244 (6th Cir. 1996).  As previously observed, plaintiff makes no specific allegations against Margo Lamb, Investigator Bill Sipe, or Larry Thomas. Accordingly, plaintiff has failed to state a § 1983 claim against these three defendants.

As to the two remaining defendants, plaintiff makes specific allegations against Sheriff Graves and Clerk Hine-Duncan.  However, not only do plaintiff's claims fail to allege a constitutional violation, they fail to identify the date of the alleged violation or provide any factual support to demonstrate a violation, in fact, occurred.  Plaintiff's claim Sheriff Graves is holding him in an over-crowded and violent jail is a vague and factually unsupported allegation which does not present a cognizable § 1983 claim.  Likewise, plaintiff's factually unsupported claims Clerk Hine-Duncan refused to release his preliminary hearing tapes and refused to supply plaintiff with copies of his court filings are vague and unsupported by material facts, thus, the claims are insufficient to state a claim upon which relief may be granted.

Consequently plaintiff has failed to set forth any allegations in his complaint to support a legal theory of recovery cognizable under § 1983.  Plaintiff has failed to state an adequate claim and his cause of action is premised upon mere conclusions and opinions.  *See Columbia Natural Resources Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) *cert. denied*, 516 U.S.  1158 (1996); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-1539 (6th Cir. 1987).  This Court is not required to accept as true, legal conclusions or unwarranted factual inferences.  *See Murphy v. Sofamor Danek Group Inc*. (*In re Sofamor Danek Group*), 123 F.3d 394, 400 (6th Cir. 1997), *cert. denied*, 523 U.S. 1106 (1998).

Plaintiff's complaint consists of a litany of general complaints rather than constitutional violations.  The courts are not the administrators of the prisons.  Likewise, the courts are not the

general administrative grievance forum set up to hear prisoner complaints. The jurisdiction of the federal courts basically is limited in the case of the treatment of state prisoners to violations of the United States Constitution and civil rights acts in suits brought under 42 U.S.C. § 1983. *Martinez v. Griffin*, 840 F.2d 314, 315 (5th Cir. 1988). Plaintiff's factually undeveloped allegations are insufficient to maintain a cause of action for damages under 42 U.S.C. § 1983.

The Fourteenth Amendment's due process clause protects pretrial detainees from cruel and unusual punishments, and the Eighth Amendment's cruel and unusual punishments clause protects those convicted of crimes from cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). However, "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988). To raise a viable Eighth Amendment jail-condition claim, plaintiff must show a deprivation of an identifiable human need, a deprivation of life's necessities, such as food, warmth, exercise, clothing, shelter, sanitation, medical care, or personal safety. *Wilson v. Seiter*, 501 U.S. 294 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Walker v. Mintzes*, 771 F.2d 920, 926 (6th Cir. 1985). In addition to the plaintiff being required to show that a specific deprivation of one or more identifiable human needs to prove an Eighth Amendment violation, plaintiffs must also show "a culpable state of mind on the part of [the defendants] prison officials. . . ." *Wilson v. Seiter*, 501 U.S. at 298-99. Liability cannot be predicated on mere negligence; the plaintiffs must, at a minimum, show deliberate indifference. Therefore, it is well settled that an Eighth Amendment claim based on prison conditions has an objective component, denial of "the minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. at 347 (1981), and a subjective component of deliberate indifference.

The proper standard to apply to claims challenging conditions of confinement is the deliberate indifference standard to determine if the defendants acted wantonly. *Wilson v. Seiter*, 501 U.S. at 302-03. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the cruel and unusual punishment clause, . . ." *Hubbert v. Brown*, 114 F.3d 1187 (6th Cir. May 8, 1997) (Unpublished table decision), *available in* 1997 WL 242084, at *4(citations omitted). Deliberate indifference will be found if the defendants know of a substantial risk to an inmate's health or safety, yet disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 829 (1994). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 835. Prison officials may escape liability if they show they were not aware of the obvious risk of harm to the inmates health or safety, or knowing it, they acted reasonably under the circumstances. *Id*. at 837. Furthermore, it is important to remember that the Eighth Amendment does not outlaw cruel and unusual conditions; it outlaws cruel and unusual punishments. *Id.* Plaintiff must allege more than discomfort or inconvenience as a result of confinement.

The plaintiff has failed to allege a specific deprivation of a necessity of life and thus he has failed to state a cognizable § 1983 claim. Furthermore, there is no allegation or proof the defendants acted wantonly or with a deliberate indifference to a substantial risk to the plaintiffs' health or safety.

The plaintiff's factually unsupported conclusions fail to state a claim. In the case before this Court, there is no proof the defendants knew of a substantial risk to the plaintiff's health, yet

disregarded that risk by failing to take measures to abate it. There is not any proof that there is an actual substantial risk of harm to the plaintiff. The plaintiff does not allege the defendants acted with a wanton state of mind or deliberate indifference. To state a valid claim based on the conditions of confinement, a plaintiff must show an extreme deprivation. *Hudson v. McMillian*, 503 U.S. 1,9 (1992). Routine discomfort is part of the penalty criminal offenders pay for their offenses against society. The Eighth Amendment requires prison officials to provide inmates with "a minimal civilized measures of life's necessities," and conditions of confinement which involve wanton and unnecessary infliction of pain will violate the Eighth Amendment. *Bellamy v. Bradley*, 729 F.2d 416, 420 (6th Cir.), *cert. denied*, 469 U.S. 845 (1984) (quoting *Rhodes v. Chapman*, 452 U.S. at 347). The conditions cited by the plaintiff are factually unsupported, and there is nothing in the complaint to indicate these conditions inflicted wanton and unnecessary punishment upon the plaintiff. There is nothing in the complaint to indicate that the factually unsupported alleged conditions injured the plaintiff. "Inmates cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988).

Furthermore, in addition to failing to show a specific deprivation of an identifiable human need by a culpable jail official, the complaint does not appear to raise a single specific allegation plaintiff suffered harm or will imminently suffer any actual harm. Although it is the role of courts to provide relief to claimants who have suffered or will imminently suffer actual harm, *see Lewis v. Casey*, 518 U.S. at 349, a prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights in order for the courts to provide relief. *See Corn v. Sparkman*, 82 F.3d 417 (6th Cir. April 17, 1996) (Unpublished table decision), *available in* WL 185753, *citing*

15

*Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981).[4]  The conditions plaintiff complains about may have been inconvenient, uncomfortable, and unpleasant but they did not place his welfare at serious risk or deny him the minimal civilized measures of life's necessities or violate his Constitutional rights.

**VII.   Conclusion**

For all the foregoing reasons, plaintiff's § 1983 complaint will be **DISMISSED**.  In sum, plaintiff has failed to state a claim against Sheriff Graves, Clerk Hine-Duncan, and Investigator Bill Sipe (to the extent he is a county employee)[5] as he has failed to show the alleged violation of his rights resulted from a policy or custom on the part of Coffee County.  Plaintiff has failed to state a § 1983 claim against Margo Lamb, Bill Sipe (to the extent he is not a state actor), and Larry Thomas as it does not appear these defendants are state actors or that their actions were attributable to the state.  Moreover, plaintiff has failed to allege that these defendants engaged in any specific conduct.  Therefore, plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted.  However, there are also alternative reasons for dismissing plaintiff's complaint.

The Supreme Court has defined a frivolous complaint as one that contains both factual

---

[4]  To the extent the plaintiff is attempting to allege he has suffered any mental or emotional injury, the Court determines the applicable provision which applies to the instant action is 42 U.S.C. § 1997e(e), entitled "Limitation on Recovery."  Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  *Zehner v.Trigg*, 952 F.Supp.1318, 1322 (S.D. Ind. 1997), *aff'd*, 133 F.3d 459 (7th Cir. 1997).  It appears plaintiff has failed to allege a physical injury within the meaning of § 1997e(e).  Therefore, to the extent plaintiff is claiming any mental or emotion injury, it does not appear he can recover damages for mental or emotional injuries as he has not alleged or demonstrated any physical injury.  *Id*. at 1323.

[5]  In addition, plaintiff failed to allege any specific conduct in which Investigator Sipe engaged.

16

allegations and legal conclusions that lack an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The plaintiff's allegations and legal conclusions lack an arguable basis in law and fact. Judges have the authority to dismiss a claim based on an indisputably meritless legal theory, and the power to pierce the veil of the complaint's factual allegations and dismiss factually baseless claims. *Id*. at 327. The plaintiff has made factually baseless and meritless claims without alleging his constitutional rights were violated. The plaintiff has done nothing more than state conclusions without any explanation of the bases of his conclusions. Plaintiff's allegations are merely factually unsupported conclusions and opinions. The plaintiff has failed to state a claim entitling him to relief under 42 U.S.C. § 1983. *Lillard*, 76 F.3d at 726; *Nuclear Transport and Storage Inc. v. United States of America*, 890 F.2d 1348, 1354-55 (6th Cir. 1989), *cert. denied*, 494 U.S. 1079 (1990); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985).

None of the above claims are supported by specific factual allegations indicating how any of theses alleged acts, prohibitions, deprivations, or conditions violate the plaintiff's rights or cause him personal injury. Moreover, the plaintiff does not identify who caused each alleged deprivation or when the alleged deprivation occurred. The Court is aware this plaintiff is proceeding *pro se* and is unfamiliar with the intricacies of the legal system. Nevertheless, he must comply with Rule 8 of the Federal Rules of Civil Procedure and submit a complaint which contains "a short and plain statement of the claim showing that the pleader is entitled to relief."

Liberally construing the complaint, the Court finds plaintiff has failed to set forth any claims or facts that would entitle him to relief under 42 U.S.C. § 1983. Accordingly, the plaintiff's complaint will be **DISMISSED** *sua sponte* as frivolous and for failure to state a claim on which

relief may be granted under 42 U.S.C. § 1983.  28 U.S.C. §§ 1915A and 1915(e)(2)(B)(i)(ii).

An appropriate judgment will enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**